**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

[3] YARELIS COLÓN-RÍOS,

**Defendant.**

**NO. 24-242-3 (RAM)**

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Yarelis I. Colón-Ríos ("Defendant" or "Colón-Ríos")'s *Motion to Dismiss* ("*Motion*"). (Docket No. 143). Having considered the *Motion* and the United States' response in opposition thereto, and for the reasons outlined below, the Court hereby **DENIES** Defendant's *Motion*.

**I.    BACKGROUND**

On July 18, 2024, a Grand Jury indicted Colón-Ríos, alongside several co-defendants, on eight counts: conspiracy to possess with intent to distribute controlled substances and two counts of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), 846, and 18 U.S.C. § 2; two counts of attempting to provide contraband in prison and one count of conspiring to provide contraband in prison in violation of 18 U.S.C. §§ 371 and 1791(a)(1)–(2); and conspiracy to commit identity theft and aggravated identity theft in violation of 18 U.S.C. §

1028(a)(1), (a)(7), (b), and (f). The United States claims that Colón-Ríos and several of her co-defendants participated in a plan to mail packages containing controlled substances to Jose J. Rodriguez-Cumba ("Rodriguez-Cumba"), an inmate inside a federal detention facility and a co-defendant in this case. (Docket No. 158 at 2). Colón-Ríos also stands accused of impersonating Rodriguez-Cumba's attorneys of record on the packages to disguise their contents as bona fide legal mail. Id. at 2-3.

On November 7, 2025, Defendant filed the present *Motion to Dismiss* ("*Motion*"). (Docket No. 143). Therein, she argues that the United States' theory as to two counts based on identity theft fails as a matter of law. Id. at 1. She cites solely the Supreme Court of the United States' decision in Dubin v. United States, 599 U.S. 110 (2023) to support this assertion. Pursuant to Dubin's holding that aggravated identity theft only exists when identity theft is "at the crux" of the predicate offense, Defendant argues that her alleged use of the attorneys' name on the mailings was "incidental, not 'crux.'" (Docket No. 143 at 5). She states that "[t]he use of [the attorney's] name simply identified a sender...it was not essential to the prohibited act." Id.

On November 18, 2025, the United States filed its *Response* to Defendant's *Motion*. (Docket No. 158). The United States argues that Defendant's *Motion* challenges the sufficiency of the evidence underlying the indictment, a challenge improper at the motion to

dismiss stage. Id. at 3-5. It insists that Defendant is misapplying

Dubin, since in her case, the use of the attorneys' names was

central to Defendant's crime of attempting to smuggle contraband

into prison. Id. at 5-7. This is distinguishable from Dubin, the

United States argues, since the name use in Dubin was ancillary to

the crime of medical overbilling. Id. at 6.

## II.  LEGAL STANDARD

The Constitution of the United States requires that, "[i]n

all criminal prosecutions, the accused shall . . . be informed of

the nature and cause of the accusation." U.S. Const. amend VI. To

protect that right, the Federal Rules of Criminal Procedure state

that an indictment "must be a plain, concise, and definite written

statement of the essential facts constituting the offense

charged[.]" Fed. R. Crim. P. 7(c)(1).

Pursuant to Fed. R. Crim. P. 12(b)(1), "[a] party may raise

by pretrial motion any defense, objection or request that the court

can determine without a trial on the merits." However, the power

to dismiss an indictment pursuant to Fed. Crim. 12(b) is "reserved

for extremely limited circumstances" because it "directly

encroaches upon the fundamental role of the grand jury." Whitehouse

v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995)

(citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263

(1988)).

Criminal No. 24-242-3 (RAM)                                                    4

A motion to dismiss must attack the facial validity of the indictment and not the government's substantive case. See <u>United States v. Ngige</u>, 780 F.3d 497, 502 (1st Cir. 2015) (citing <u>United States v. Stewart</u>, 744 F.3d 17 21 (1st Cir. 2014)). When a defendant seeks an indictment's dismissal, "courts take the facts of the indictment as true, mindful that 'the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" <u>Ngige</u>, 780 F.3d at 502 (quoting <u>United States v. Savarese</u>, 686 F.3d 1, 7 (1st Cir. 2012)). "In general, an indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend and allows him to contest it without fear of double jeopardy." <u>United States v. Savarese</u>, 686 F.3d 1, 7 (1st Cir. 2012) (citation omitted). Most notably, "the government need not put forth specific evidence to survive a motion to dismiss." <u>Ngige</u>, 780 F.3d at 502.

### III. ANALYSIS

"When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true[.]" <u>Ngige</u>, 780 F.3d at 502. Therefore, the Court assumes for the purpose of this motion that Defendant did mail controlled substances in packages

labelled as originating with the attorneys of record, to an inmate in prison.

The comparison Defendant makes with the facts of Dubin is inapt. Defendant is correct in that Dubin distinguished between identity theft that is "merely an ancillary feature" of an underlying offense, and identity theft that "is at the crux of what makes the underlying offense criminal." 599 U.S. at 113. Defendant is incorrect to assert that her use of attorneys' names to smuggle drugs into a prison falls in the former category. Because the Court finds that identity theft was "at the crux" of what made it illegal to smuggle drugs in packages deceptively labelled as legal correspondence, dismissal of the indictment is not proper.

This is not a close call: Defendant's case is foreclosed by Dubin itself. While the Supreme Court held that the fraud in Dubin did not trigger the aggravated identity theft statute, it only did so because "[t]he crux of the healthcare fraud was a misrepresentation about the qualifications of petitioner's employee" that had nothing to do with the ancillary fact that a patient's identification number appeared on the fraudulent bill. Id. at 115, 132. However, "[w]hen the underlying crime involves fraud or deceit, as many of [the aggravated identity theft statute]'s predicates do, this entails using a means of identification specifically in a fraudulent or deceitful manner."

Id. at 117. Similarly, the Dubin Court reiterated that "identity theft is committed when a defendant uses the means of identification itself to defraud or deceive...[w]hen a means of identification is used deceptively, this deception goes to 'who' is involved, rather than just 'how' or 'when' services were provided." Id. at 123. Here, Defendant evidently used the attorneys' names in a fraudulent manner because--taking the United States at its word--the attorneys had not consented to be the senders of a parcel containing controlled substances. Moreover, her use of the attorneys' names to try to fool the prison staff in charge of screening incoming packages goes to "who" the package was from, not to "how" or "when" it arrived at the prison. Thus, even solely under Dubin, Defendant's theft of the attorneys' identity was "at the crux" of the predicate offenses related to smuggling drugs into prison.

In the two years since Dubin was decided, numerous district and circuit courts around the country have denied Dubin-based arguments because the implicated deception was not merely incidental to the fraud. See, e.g., United States v. Weigand, 2025 WL 1554931, at *3 (3d Cir. 2025) (rejecting Dubin challenge where a financial advisor opened a brokerage account in another's name to move funds); United States v. Avenatti, 2024 WL 959877, at *4 (2d Cir. 2024) (rejecting Dubin challenge where defendant forged client's name to divert funds); United States v. Conley, 89 F.4th

815, 826 (10th Cir. 2023) (rejecting Dubin challenge where accused "falsified both the substance of the lien releases and who had authored them"); United States v. Da Costa, 2024 WL 3014329, at *4 (S.D.N.Y. 2024) (rejecting Dubin challenge and holding that it would be premature to reject an indictment that had adequately alleged that the accused had used the names of government officials to commit wire fraud); United States v. Iannelli, 700 F. Supp. 3d 1, 4 (D. Mass. 2023) (rejecting Dubin challenge where a bookkeeper used her employer's stamp to authorize checks to herself). Among the dozens of such decisions, one particularly analogous one is adumbrated below. The Ninth Circuit recently rejected a Dubin challenge because--among many other uses of others' identities in an "elaborate impersonation scheme"--the accused had also opened mailboxes in former clients' names. United States v. McGonigle, 2025 WL 2803547, at *1 (9th Cir. 2025). The Ninth Circuit concluded that "[b]y impersonating the victims," the accused had "used their means of identification 'in a manner that is fraudulent or deceptive'" and so "[s]uch uses of identity were not a mere 'ancillary feature' of the scheme; they were 'at the crux of what makes the underlying offense criminal.'" Id. (quoting Dubin, 599 U.S. at 114, 132). Just as the accused in McGonigle used a mailbox to commit the identity theft at the "crux" of his underlying offenses, so too did Defendant fraudulently send packages from

attorneys, committing the identity theft at the "crux" of drug smuggling scheme.

On these facts, Dubin offers no refuge. Defendant's conduct falls squarely within the heartland of the aggravated theft statute, and so her challenge to either of the identity theft-based charges cannot stand.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss* at Docket No. 143 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of December 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE