IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br>v.<br>[3] YARELYS I. COLÓN-RÍOS,<br>**Defendant.** | **CRIMINAL NO. 24-242-3 (RAM)** |

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Yarelys I. Colón-Ríos' ("Defendant" or "Colón-Ríos") *Motion for Severance Pursuant to Federal Rule 14 of Criminal Procedure* ("*Motion to Sever*") and the Government's *Opposition to Defendant's Motion to Sever at ECF No. 149* ("*Response*"). (Docket Nos. 149 and 159, respectively). For the following reasons, the *Motion to Sever* is **DENIED**.

I. BACKGROUND

On July 18, 2024, a Grand Jury indicted Colón-Ríos, alongside several co-defendants, on eight counts: conspiracy to possess with intent to distribute controlled substances and two counts of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), 846, and 18 U.S.C. § 2; two counts of attempting to provide contraband in prison and one count of conspiring to provide contraband in prison in violation of 18 U.S.C. §§ 371 and 1791(a)(1)-(2); and conspiracy to commit identity

theft and aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1), (a)(7), (b), and (f). The Government contends that Colón-Ríos and several of her co-defendants participated in a plan to mail packages containing controlled substances to Mr. José J. Rodríguez-Cumba ("Rodríguez-Cumba"), an inmate inside a federal detention facility and a co-defendant in this case. (Docket No. 158 at 2). Colón-Ríos also stands accused of impersonating Rodriguez-Cumba's attorneys of record on the packages to disguise their contents as bona fide legal mail. Id. at 2-3.

On November 7, 2025, Defendant filed the instant *Motion to Sever*. (Docket No. 149). Defendant asserts that severance is necessary to avoid any risk of prejudice and juror confusion. Id. at 4-7. She argues that she is a victimized, "third-party innocent," whose involvement was peripheral to the charges in the indictment, and that there is no evidence that she knowingly took part in the conspiracy. Id. at 4. She contends the "complexity and volume" of the evidence against other defendants will cause prejudicial spillover and taint the jury's perception of her "isolated, non-criminal conduct". Id. at 5. Additionally, Defendant maintains that co-defendants are expected to argue that intermediaries, such as Colón-Ríos, knowingly participated in the conspiracy, which would place Defendant in direct conflict to them and "invite blame-shifting at trial." Id. Lastly, Defendant

asserts that a cooperating co-defendant's testimony will be highly prejudicial to Colón-Ríos if presented along with broader conspiracy evidence. Id.

In *Response*, the Government contends that Defendant filed a "boilerplate" motion and failed to make "real claims of prejudice to her that will arise from a joint trial other than the fact that she is charged in a conspiracy." (Docket No. 159 at 2). The Government asserts severance is not warranted because Defendant made general and unsupported claims that do not meet the applicable standard. Id. Further, the Government avers any spillover effect can be cured by limiting instructions. Id. at 3.

## II.  DISCUSSION

Rule 8 permits joinder of "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The First Circuit has explained that "[a] conspiracy count can be a sufficient connecting link between co-defendants and separate substantive offenses to permit their joinder in a single indictment." United States v. Martínez, 994 F.3d 1, 12 (1st Cir. 2021) (citation omitted) (alteration in original). Generally, defendants "who are indicted together should be tried together," and there is a presumption in favor of joinder. United States v. DeLeon, 187 F. 3d 60, 63 (1st

Cir. 1999) (citations omitted). The rule is intended to "prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2008). "Joinder is proper . . . even when the objecting defendant is only connected to one part of that scheme." United States v. Azor, 881 F.3d 1, 11 (1st Cir. 2017).

However, Fed. R. Crim. P. 14(a) permits district courts to order severance if "the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government[.]" Id. A defendant who seeks a separate trial from his co-defendants must make "a strong showing of evident prejudice." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993) (citations omitted). A district court may grant a severance motion "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. A defendant trying to meet this burden "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice," which is "a difficult battle for a defendant to win." DeLeon, 187 F.3d at 63 (citations and internal quotation marks omitted).

Defendant argues that a joint trial will expose her to complex and voluminous evidence unrelated to her "non-criminal," minimal

involvement, so she wishes to be tried separately to avoid being tainted by spillover prejudice and jury confusion from evidence brought against other defendants. (Docket No. 149). Spillover occurs when evidence against one defendant is "misinterpreted by the jury and used as the basis for convicting another defendant not connected to that evidence." United States v. Drougas, 748 F.2d 8 (1st Cir. 1984), holding modified by United States v. Piper, 35 F.3d 611 (1st Cir. 1994). Notably, the spillover effect "rarely constitutes sufficient prejudice to warrant severance." Azor, 881 F.3d at 12. "Some level of prejudice is inherent in trying two or more defendants together . . . [b]ut, where the evidence against a defendant might show a defendant's association with his co-defendants even if he were tried alone, the argument for prejudice becomes much weaker." Id. It is difficult for defendants to prevail on spillover arguments in conspiracy cases because almost all the evidence will pertain and be relevant to all co-conspirators. See United States v. Morales-Guanill, 77 F.Supp. 3d 258, 262 (D.P.R. 2015) (citing United States v. LiCausi, 167 F.3d 36, 49 (1st Cir. 1999).

A defendant bears the burden of identifying what "specific evidence that would not be admissible against [them] were [they] tried separately." Morales-Guanill, 77 F.Supp. 3d at 262 (internal quotation marks and citation omitted). Colón-Ríos has not borne

that burden. *See also* United States v. Maddux, 917 F.3d 437, 449 (6th Cir. 2019) (finding argument as to spillover conclusory where defendant could not point to specific prejudice). While Colón-Ríos claims there is no direct evidence that she knowingly participated or benefitted from the alleged conspiracy, the allegations in the *Indictment* are sufficient to tie her to the conspiracy as a whole. Specifically, Colón-Ríos is identified as a defendant who aided in the mailing of contraband in prison through various methods, such as using the attorney of record's name on the packages to disguise them as legal mail. (Docket No. 3).

Furthermore, severance need not occur "'[e]ven where large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement in an overall agreement is far less than the involvement of others.'" United States v. Carmona-Bernacet, 608 F.Supp. 3d 3, 9 (D.P.R. 2022) (quoting United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990)). Moreover, any possibility of spillover can be mitigated by the trial judge's careful differentiation between co-conspirators. *See* Drougas, 748 F.2d at 19 (affirming denial of severance where judge provided jury with instruction that they were to exclude certain witnesses and exhibits from their deliberations regarding one particular co-defendant); United States v. Floyd, 740 F.3d 22, 37 (1st Cir. 2014) (same). Accordingly, because Defendant cannot establish that she

Criminal No. 24-242-3 (RAM)                                                    7

is prejudiced by proceeding to trial with her co-defendants, the Court **DENIES** her *Motion to Sever*.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Yarelys I. Colón-Ríos' *Motion to Sever* at Docket No. 149.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of December 2025.

                                         s/Raúl M. Arias-Marxuach
                                         UNITED STATES DISTRICT JUDGE